IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD A. MANNO,            *
    Petitioner
                                                    *

v.                                                  CIVIL ACTION NO. AMD-06-3075
                                                    *

J. JOSEPH CURRAN, et al.,
    Respondents            *
                                                 ***

MEMORANDUM

Ronald A. Manno, a state prisoner, has filed a "Motion to Toll Limitations Vis-a-vis the Filing of Petition for Writ of Habeas Corpus." Paper No. 1. He seeks an enlargement of the one year deadline set out in 28 U.S.C. § 2244(d) for the filing of a habeas corpus petition pursuant to 18 U.S.C. § 2254. Because no document which could be construed as a petition under 28 U.S.C. § 2254 has been filed, there is no live case or controversy for this court to review. In essence, the court is asked to determine whether a future § 2254 petition will be time-barred if it is filed outside the one-year limitation period prescribed by § 2244(d). This court may not issue such an advisory opinion.[*] *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating a district court's advisory opinion tolling the statute of limitations in a case under the Fair Labor Standards Act). A separate Order dismissing the instant action follows.

December 6, 2006
                                                    /s/
                                                    Andre M. Davis
                                                    United States District Judge

---

[*] Petitioner is advised to file his habeas corpus application within the time period set out under § 2244(d). If, however, he files a habeas corpus application after the one-year deadline, he may submit an argument to support equitable tolling of the limitations period. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). Only at that point will this court consider whether the statute of limitations can or should be tolled. Alternatively, he may choose to file his application now; if such filing precludes proper completion of state court remedies, at worst, it may be dismissed without prejudice as premature.